UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

NGA T. NGUYEN AND
TAO V. LE,

      Plaintiffs,

v.

UR M. JADDOU,
DIRECTOR, UNITED STATES
CITIZENSHIP AND
IMMIGRATION SERVICES,

      Defendant.
_____/

## COMPLAINT FOR MANDAMUS

Plaintiffs, by and through the undersigned counsel, hereby file this Complaint for Mandamus and allege as follows:

### PARTIES

1. Plaintiffs Nga Thi Nguyen (A214 720 510) and Tao Van Le, spouses, reside in Miami-Dade County, Florida. In Nov. 20, 2020, Plaintiffs jointly filed a Petition to Remove Conditions on Residence (Form I-751) (Receipt No. YSC2190005135) for Plaintiff, a Vietnamese citizen and conditional lawful permanent resident.

2. Defendant Ur. M. Jaddou (the "Director") is the Director of United States Citizenship and Immigration Services (USCIS) and is responsible for the administration and enforcement of all laws relating to immigration. Defendant is sued in her official capacity.

### JURISDICTION

3. The Court has federal question jurisdiction in this action pursuant to 28 U.S.C. § 1361 and and 5 USC § 702 *et seq*. Relief is requested pursuant to these statutes.

4. This action challenges only the Defendant's failure to act, not the discretionary granting or denial of an individual petition. Therefore, the jurisdictional limitations under 5 USC § 701(a)(2) and 8 USC § 1252 do not apply.

## VENUE

5. Venue is proper in this Court, pursuant to 28 USC § 1391(e)(3), in that this is an action against a U.S. officer in her official capacity brought in the District where the Plaintiffs reside. No real property is involved in the action.

## EXHAUSTION OF REMEDIES

6. Plaintiffs' Form I-751 petition has been pending for over two years. Defendant has not made a determination on the Form I-751 filed by Plaintiffs.

## FACTUAL ALLEGATIONS

7. Plaintiffs seek the removal of conditions on Plaintiff Nguyen's conditional lawful permanent residence status.

8. Although Plaintiff Nguyen is eligible to apply for U.S. naturalization since she became a conditional lawful permanent resident over three years ago, she cannot become a U.S citizen until the Form I-751 has been approved. *See* 79 No. 3 *Interpreter Releases* 66 ("Conditional Residents May Seek Naturalization While I-751 Is Pending, Service Center Director Says").

9. Plaintiff Nguyen applied for U.S. naturalization on Feb. 10, 2022 with USCIS (Receipt No. IOE09404535223) by filing Form N-400. Plaintiff's N-400 has been pending for over 180 days.

**Plaintiffs' Petition Has Been Pending for Over Two Years.**

10. USCIS issued its notice confirming the Nov. 2020 receipt of Form I-751 filed by Plaintiffs.

**Processing on Plaintiffs' Petition Should Be Completed Within 180 Days**

11.     For the Government's fiscal year beginning on Oct. 1, 2020, the historical processing dates posted on the USCIS website indicated Defendant was completing processing of I-751s within 13.8 months.[1]

12.     In addition, 8 U.S.C. § 1571(b) states, "It is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial date of filing of the application[.]" Form I-751 petitions are among the "immigration benefit applications" included within this provision. This provision, along with 8 U.S.C. §1571(a), § 1572 and § 1573, make clear Congress' intent to eliminate persistent backlogs in the processing of immigration benefit applications. Moreover, Congress has defined the term "backlog" in the statute as "the period of time in excess of 180 days that such application has been pending before the Immigration and Naturalization Service." 8 U.S.C. § 1572(1).

13.     8 U.S.C. § 1571(b) provides the statutory guideline and "rule of reason" for determining whether Form I-751s are being processed in a timely manner.  Under the most straightforward reading of 8 U.S.C. § 1571(b), all Form I-751 petitions that are not finally adjudicated within 180 days of the date of submission are unreasonably delayed.

14.     Under the most straightforward reading of 8 U.S.C. 1571(b), all Form N-400 applications that are not finally adjudicated within 180 days of the date of submission are also unreasonably delayed.

**FIRST CLAIM FOR RELIEF**
(Violation of the Mandamus Act)

15.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 14 inclusive.

---

[1] See USCIS Historical National Average Processing Times *available at* https://egov.uscis.gov/processing-times/historic-pt.

16. Despite her duty, Defendant, in violation of the Mandamus Act, 28 U.S.C. § 1361, has withheld or unreasonably delayed making a determination on Plaintiffs' Form I-751.

17. Defendant should be compelled to complete adjudication of Plaintiffs' Form I-751 and, thereby, perform the duty Defendant owes to Plaintiffs.

## SECOND CLAIM FOR RELIEF

(Violation of the Administrative Procedure Act)

18. Plaintiffs reallege and incorporate by reference paragraphs 1 through 14 inclusive.

19. Defendant, in violation of the Administrative Procedure Act, 5 USC § 702 *et seq.*, has not completed processing of Plaintiffs' Form I-751, despite Defendant having accepted Plaintiffs' Form I-751 in Nov. 2020 and having Plaintiffs' Form I-751 for sufficient time, in law and fact, to complete adjudication. Pursuant to 5 U.S.C. § 706, this Court shall compel agency action unlawfully withheld and/or unreasonably delayed.

20. Due to Defendant's failure to complete adjudication of Plaintiffs' Form I-751 within a reasonable time, Plaintiffs continues to be deprived of the opportunity for Plaintiff Nguyen to obtain the substantial and unique benefit of lawful permanent residence without conditions.

## IRREPARABLE INJURY

21. As a result of Defendant's failure to complete adjudication of Plaintiffs' I-751, Plaintiffs suffer irreparable harm. Plaintiffs continue to be deprived of the substantial and unique benefit of lawful permanent residence without conditions for Plaintiff Nguyen which, among other harms, affects her ability to depart the U.S. without automatically being sent to secondary inspection upon return and her eligibility to become a U.S. citizenship despite being able to apply for naturalization.

## REQUEST FOR RELIEF

22. WHEREFORE, Plaintiffs respectfully request that the Defendant be cited to appear herein and that the Court enter an order:

    (a) compelling Defendant to complete adjudication of Plaintiffs' Form I-751;

    (b) holding the Plaintiffs a "prevailing party" and providing for the award of costs and attorney's fees and expenses under The Equal Access to Justice Act, as amended, 28 U.S.C. § 2412; and

    (c) granting such other relief at law and in equity as justice may require.

Respectfully submitted,

*[signature]*

Stephen M. Bander
Florida Bar No. 0160679
Email: Stephen@Bandervisa.com
BANDER LAW FIRM, P.L.L.C.
121 N.E. 46th Street
Miami, Florida 33137
Telephone: (305) 358-5800
Fax: (305) 374-6593
Email: Stephen@bandervisa.com

*Counsel for Plaintiffs*

Dated: Dec. 26, 2022, Miami, Florida.